DORSEY *vs.* DORSEY, *et al.*—*December*, 1833.

In equity the act of limitations may be taken advantage of, where the defendant alleges that he relies upon, and pleads in bar a certain act of the General Assembly made at a session, &c. entitled "an act for limitation of certain actions," &c. and prays to have the full benefit of the same at the hearing.

APPEAL from the Court of Chancery.

The object of the original bill filed in this cause, was to obtain a decree for the sale of the real estate of *Launcelot*

*Dorsey,* who died in 1829, and a division amongst his heirs of the proceeds of sale. A decree passed, and a sale was made, reported, and ratified.

Afterwards *Dennis Dorsey,* the appellant in this cause, and one of the heirs, filed a petition claiming to be a creditor, and to be paid out of the proceeds of the sale, upon the ground of the insufficiency of the personal estate, upon which no administration had been had, as the petition alleged. His claim consisted of a single bill for $130, payable on demand, dated the 19th December, 1812; and an open account for services rendered by him to *Launcelot Dorsey,* for the period of seven years and eight months, commencing on the 20th December, 1812, at the rate of $90 per annum.

On the single bill several payments were endorsed, the last of which was in September, 1825, and the following agreement proved to have been signed by the appellant, at the request of the obligor. "I do hereby agree, that I will not put the within note in suit against *Launcelot Dorsey,* nor call on him to settle the same, nor give it in the power of any other person to do the same, so long as he shall live, provided the within note shall not be near out of date."

*Dathan Dorsey,* and *Elder* and *wife,* the other heirs of *Launcelot Dorsey,* and the appellees here, by their answer denied the justice of the appellant's whole claim, insisting that it had been paid and overpaid, and they relied on the statute of limitations, in the following terms. "They further show cause, rely on, and plead in bar to the petitioner's claim, a certain act of the General Assembly of the then Province now State of Maryland, made at a session of Assembly held at the city of Annapolis, the 26th day of April, 1715, entitled, 'an act for limitation of certain actions for avoiding suits at law,' and pray to have the full benefit of the same at the hearing."

Depositions were taken and filed, and the cause submitted to *Bland,* Chancellor, who on the 6th of March, 1832, dismissed the petition with costs. From this order, the case was brought on appeal to this court.

Dorsey *vs.* Dorsey, *et al.*—1833.

The cause was argued before BUCHANAN, Ch. J., and STEPHEN, ARCHER, and DORSEY, J.

*T. P. Scott* for the appellant contended.

1. That the claim set forth in the petition is fully sustained by the evidence.

2. The allegation in the petition, that there are no personal assets or personal representative, is not denied by the answer, and being negatives, it was not incumbent upon the appellant to prove them. If the facts are otherwise, the defendants here have proved them.

3. The claim was presented in the proper form, and at the proper time. *Gaither and Warfield vs. Welch's estate,* 3 *Gill and Johns.* 259. *Duvall vs. Farmers Bank of Maryland,* 4 *Ib.* 292.

4. The defence of payment is not supported by the proof.

5. Limitations does not apply to such a claim. The single bill is on its face payable on demand, but the agreement not to sue or demand the money, forms a part of it, and prevented the obligee from suing, until the period of the obligor's death in 1829. *Waters vs. Riley,* 2 *Harr. and Gill,* 314.

6. But if limitations would apply to such a claim, yet the evidence of payments made on account, as set up and proved, take the case out of the statute.

7. Because the statute of limitations is not properly pleaded. *Wall's Ex'trx vs. Wall,* 2 *Harr. and Gill,* 79. *State use of Johnson vs. Green,* 4 *Gill and Johns.* 384.

*Marriott,* for the appellees.

The appellant's claim is two fold.

1. As to the single bill. The evidence shows conclusively that it has been paid and overpaid, by the receipt by the appellant, of the proceeds of the crops made on the fathers farm, and the sale of various articles for which he received the money : of the over payment of this claim, it is confidently asserted no doubt can be entertained.

2. In reference to the claim for services, he contended that the plea of limitations was a flat bar. The appellant has produced no proof that he ever made a demand of his father in his life-time, nor is there any proof that he ever admitted the correctness of the claim, or ever *promised to pay* it. No attempt is made by the appellant, to account for not demanding the money from the father in his life, who lived nine years after the services are said to have been rendered. A stale claim of this description, if it ever existed, brought forward at so late a period, and not until the death of the party alleged to owe the money, never will receive the countenance of a court of equity, unless supported by positive proof of a promise to pay. But the record in this case exhibits no such proof, and the *laches* of the appellant are not accounted for.

Buchanan, Ch. J., delivered the opinion of the court.

The petition of the appellant was properly dismissed by the Chancellor.

If the claim set up has any foundation in fact, it is clearly barred by the act of limitations, which is sufficiently pleaded; there being no promise or acknowledgment proved, express or implied, sufficient to take it out of the act.

But independent of that bar to his claim, it does not appear to be sufficiently made out in proof. On the contrary, he would appear to be himself a debtor to the estate, if he did not pay to his father the proceeds of the crops made upon the land while he lived with him, which it is proved came into his hands, together with the amount of sales of wagon stuff, rails and timber, and of the product of the farm during the time he lived upon it, after his father's death, all of which he received.

And the only proof on that subject (in the words of the witness) is, "that his father always demanded of him *an account* of the sales of the product of the farm," but no evidence that he made any payment on that account.

DECREE AFFIRMED WITH COSTS.